**GOU QUANG LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 04–1342–ag.

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

Yuming Wang, Philadelphia, PA, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, John F. Salan, Assistant United States Attorney, Grand Rapids, MI, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Gou Quang Lin, a native and citizen of China, seeks review of a February 23, 2004 order of the BIA affirming an October 2, 2002, decision of Immigration Judge ("IJ") William Van Wyke, denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gou Quang Lin*, No. A78 746 223 (B.I.A. Feb. 23, 2004); *aff'g In re Gou Quang Lin*, No. A78 746 223 (Immig. Ct. N.Y. City Oct. 2, 2002). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

The IJ's adverse credibility finding, which defeats Lin's asylum claim, rests on substantial evidence, as follows: Lin was inconsistent about when his girlfriend was forced to have an IUD inserted, whether his family considered him married, and whether his girlfriend was still in hiding in China. Lin's testimony that he never spoke with his girlfriend about the potential consequences under the family planning policy was implausible. And, Lin's

willingness to perform with the acting troupe after his girlfriend's abortion undercut his fear of persecution. These inconsistencies and implausibilities relate to material elements of his claims.

Because the IJ's adverse credibility determination is supported by substantial evidence, this Court need not consider whether Lin would have been eligible for asylum, based on his girlfriend's forced abortion, had he been credible. Finally, because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Lin has failed to raise any arguments regarding the denial of his CAT claim in his brief to this Court, and we deem that claim waived. *See, e.g., Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).